## No. 79SA569

**The People of the State of Colorado, ex rel. Eldon E. Silverman, Special Prosecutor v. Richard A. Anderson**

(612 P.2d 94)

Decided June 9, 1980.

Eldon E. Silverman, for complainant.

Paul G. West, for respondent.

*En Banc.*

JUSTICE DUBOFSKY delivered the opinion of the Court.

A formal complaint was lodged with the Supreme Court Grievance Committee against respondent, Richard A. Anderson, who was admitted to the practice of law in Colorado on September 20, 1960. Based upon

stipulated facts presented to the grievance committee, we suspend the respondent from the practice of law for six months.

▮ The formal complaint evolved from respondent's acceptance of representation of Jack E. Lake and others to prosecute an action for breach of contract. Mr. Lake contacted the respondent in October, 1976 about a cause of action against a California company. Two months later, at a meeting with Mr. Lake and two other claimants against the California company, the respondent accepted employment to prosecute a lawsuit in federal court in Colorado against the company, agreed that the representation would be on a contingent fee basis, and accepted a deposit of $150.00 for costs. The respondent failed to deposit the money in a trust account. Between the Fall of 1976 and February, 1978, the respondent told Mr. Lake in the course of many conversations that suit had been filed and that a California law firm had been retained to take depositions in California. In fact, suit had not been filed and the respondent had not contacted potential California counsel.

The respondent answered the formal complaint, admitting most of the allegations. Subsequently, the respondent, his attorney, and the special prosecutor filed with the hearing committee a joint stipulation of facts and recommendation for discipline. The grievance committee recommended that the respondent be suspended for twelve months and be assessed the costs of the proceeding.

We have reviewed the stipulation and the record, and note that the respondent has been disciplined three times previously, once by private censure and twice by letters of admonition. Two of the matters involved delay and the respondent's failure to inform his clients of the status of their cases. Therefore, we conclude that the respondent's license to practice law should be suspended for six months.

The joint stipulation of facts, accepted by the grievance committee, states that the respondent's conduct violated C.R.C.P. 241 and the following disciplinary rules: DR 1-102(A)(4) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 6-101(A)(3) (prohibiting a lawyer from neglecting a legal matter entrusted to him); DR 7-101(A)(2) (prohibiting a lawyer from intentionally failing to carry out a contract of employment entered into with a client for professional services); and DR 9-102(A) (requiring that all funds of clients be deposited in a trust account). We accept the stipulation of facts as a basis for our action.

▮ A license to practice law assures the public that the lawyer who holds the license will perform basic legal tasks honestly and without undue delay, in accordance with the highest standards of professional conduct. In addition, the public has a right to expect that one who engages in professional misconduct shall be disciplined appropriately.

Accordingly, it is ordered that respondent, Richard A. Anderson, be suspended from the practice of law for six months from June 16, 1980. Respondent shall pay the costs of $200.12 incurred in the disciplinary proceedings to the clerk of this Court within 60 days.